UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAY FRANK SIMPSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14 - 1047** |
| **PLAQUEMINES PARISH SHERIFF OFFICE, ET AL.** | **SECTION "B" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**.

**I.     Background**

The plaintiff, Ray Frank Simpson, Jr. ("Simpson") filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Defendants, the Plaquemines Parish Sheriff's Office and the New Orleans Parish Sheriff's Office. Simpson is seeking injunctive relief against the Plaquemines Parish Sheriff's Office alleging the following: First, he was held by the Defendant for six (6) months and twenty-nine (29) days without a court date for two (2) counts of telephone communication harassment;[1] Second, he was allegedly harassed by deputy guards during his incarceration; Third, guards sleep on their shifts and bully the inmates, and Fourth, the Defendant's system needs new leadership. Additionally, Simpson is seeking injunctive relief against the New Orleans Parish Sheriff's Office alleging the following: First, he spent six (6) days in the Defendant's

---

[1] *See* R. Doc. 1, p. 4.

hospital for a fractured hip as a result of an assault by other inmates whereas the guard allowed the inmates to rejoin Simpson in the same dorm after the assault;[2] and Second, he did not receive help for three (3) hours after the assault.[34] Simpson was housed in the New Orleans dormitories on behalf of the Plaquemines Parish Sheriff's Office when this complaint was submitted, but he has since been released. There are no facts to suggest that Simpson has been reincarcerated. The clerk of this Court filed Simpson's complaint on April 1, 2014, when pauper status was granted.[5]

In his complaint, Simpson alleges incidents from two separate confinements. First, Simpson alleges that on September 12, 2012, he was arrested for two (2) counts of telephone communication harassment.[6] Simpson states that he went before the Magistrate Judge on these counts and was informed that he was not able to receive bond for seven (7) days.[7] However, Simpson alleges that the seven (7) days resulted in him being held for six (6) months and twenty-nine (29) days without bond. On April 11, 2013, Simpson received credit for time served.

During this September 2012 confinement, Simpson alleges that on February 3, 2013, he was punched on the right side of the face by another inmate which caused him to fall on his left side and fracture his hip.[8] Simpson states that the guard allowed the men who assaulted him back into the

---

[2] *Id.*

[3] *Id.* at 9.

[4] *Id.* at 6.

[5] Rec. Doc. 1, p. 5. In the prisoner context, however, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes, which here was on March 25, 2014. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).

[6] *Id.* at 9.

[7] *Id.*

[8] *Id.* at 9.

dorm and that he did not receive any help for three (3) hours after the assault.[9] Simpson further alleges that he was diagnosed with lupus during his hospital stay. Simpson was housed in the New Orleans Parish medical dormitory from February 9, 2013, until April 11, 2013.

Second, Simpson alleges that on December 5, 2013, he was arrested again for unwanted text messaging.[10] Simpson complains that the court gave him an original court date of January 6, 2014, but as of March 25, 2014, he still had not appeared in court.[11] Simpson has since been released.

Furthermore, Simpson alleges that guards at the dormitories sleep on their shifts and bully inmates.[12] More specifically, Simpson alleges that two guards, one by the name of "Narcise" and the other, "Sweeden", bully and harass inmates, and that "Sweeden" harassed him during his hospital stay for his fractured hip during his September 2012 confinement.[13] Simpson complains that while he was in the hospital, "Sweeden" continuously kicked his hospital bed, however there were no witnesses.[14] Simpson states that he later confronted "Sweeden" in front of other inmates, but "Sweeden" did no give him any response except to tell Simpson to leave the dorm.[15] Simpson contends that "Narcise" is no longer employed with the Parish.

Lastly, Simpson complains that there is a serious issue with the leadership in the Plaquemines

---

[9] *Id.* at 9.

[10] *Id.* at 8.

[11] *Id.*

[12] *Id.* at 6.

[13] *Id.* at 8.

[14] *Id.*

[15] *Id.*

Parish system, from the judges to the guards.[16] Simpson contends that he is not filing this suit for the funds, but seeks injunctive relief for new leadership in the parish and to advocate for the men who went through the same ordeal as he did.[17]

## II.     **Standard of Review for Frivolousness**

Title 28 U.S.C. §§ 1915A and Title 42 U.S.C. §§ 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

---

[16] *Id.* at 6.

[17] *Id.*

### III.     Analysis

Simpson names the Plaquemines Parish Sheriff's Office and the New Orleans Parish Sheriff's Office as defendants in this proceeding. However, neither named defendant are "persons" within the meaning of Title 42 U.S. C. § 1983.

Title 42 U.S.C. § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." Title 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[18] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24.

Thus, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17. *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Court finds no law – constitutional, statutory, or otherwise – that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (county jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416, 1998 WL 526620 (5th

---

[18]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b).

Cir. July 21, 1998).

Thus, the Plaquemines Parish Sheriff's Office and the New Orleans Parish Sheriff's Office are not proper defendants in this case. Accordingly, Simpson's claims against the defendants should be dismissed with prejudice as frivolous and for failure to state a claim for which relief be granted pursuant to § 1915(e), § 1915A, and § 1997e. *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998)(dismissing with prejudice the St. Tammany Parish Jail as an improper defendant).

### IV.     Recommendation

**IT IS RECOMMENDED** that Simpson's § 1983 claims against the defendants the Plaquemines Parish Sheriff's Office and the New Orleans Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim for which relief can be granted, pursuant to §§ 1915(e), 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[19]

New Orleans, Louisiana, this 25th day of June, 2014.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[19]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.